## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Geronimo Energy, LLC, | Civil No. 16-3901 (DWF/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Tim Polz, | |
| Defendant. | |

_____

J. Matthew Berner, Esq., and Tim L. Droel, Esq., Droel PLLC, counsel for Plaintiff.

Curtis D. Ripley, Esq., and Matthew Tews, Esq., Stinson Leonard Street LLP, counsel for Defendants.

_____

## INTRODUCTION

This matter is before the Court on a Motion to Remand brought by Geronimo Energy, LLC ("Geronimo"). (Doc. No. 6.) For the reasons set forth below, and consistent with the Court's comments at the February 3, 2017 hearing, the Court denies the motion.

## BACKGROUND

This dispute arises from an employment relationship between Geronimo and Defendant Tim Polz ("Polz"). Geronimo is a limited liability company with a principal

place of business in Edina, Minnesota.[1]  (Doc. No. 1-1 ("Compl.") ¶ 1.)  Polz is a former employee of Geronimo.  (Doc. No. 1-2 ("Notice of Removal") ¶ 5.)  Polz is a resident of Chicago, Illinois.  (Compl. ¶ 2.)

On or around February 27, 2015, Polz entered into a Confidentiality Agreement ("Agreement") in consideration for employment by Geronimo.  (*Id.* ¶ 5.)  In pertinent part, the Agreement assigned responsibility regarding the protection of confidential information, the return of property upon termination, and the Agreement imposed a contractual duty to pay attorney fees in the event of breach.  (*Id.* ¶¶ 6-9.)  On September 4, 2015, Polz terminated his employment with Geronimo.  (*Id.* ¶ 10.)  Shortly thereafter, Polz began working for his current employer, SoCore Energy, LLC ("SoCore").  (*Id.* ¶ 11.)  Geronimo alleges that, upon termination, Polz "failed to return all property, documents, recordings, abstracts, materials, e-mails, notes, and other items" as required by the Agreement.  (*Id.* ¶ 10.)  Further, Geronimo asserts that Polz utilized confidential information obtained during his term of employment at Geronimo to SoCore's benefit.  (*Id.* ¶ 11.)

On April 8, 2016, Geronimo's attorneys sent Polz a letter demanding he immediately cease and desist from sharing confidential information with SoCore, and return all items in accordance with the Agreement.  (*Id.* ¶ 12.)  Polz subsequently returned approximately 6,000 pages including confidential information.  (*Id.* ¶ 13.)  On September 30, 2016, Polz received another letter from Geronimo demanding $50,000 in

---

[1]   According to the Complaint, Geronimo "is the assignee of GWE Legacy, LLC's rights and interests under [the relevant Confidentiality Agreement]."  (Compl. ¶ 1.)  For purposes of this motion, the Court refers to both entities collectively as "Geronimo."

damages, plus $21,228.41 in attorney fees incurred as of July 5, 2016.  (Doc. No. 13 ("Polz Aff.") ¶ 2, Ex. 1.)  On October 13, 2016, Polz's attorney countered Geronimo's demand with a settlement offer of $5,000.  (Doc. No. 15 ("Berner Aff.") ¶ 3, Ex. B.)

Gernomio commenced this action in state court on October 20, 2016.  (*See generally* Compl.)  Geronimo asserts two causes of action:  (1) breach of contract; and (2) a claim seeking temporary and permanent injunctive relief, requiring Polz to return all items, and to cease and desist from further using confidential information in accordance with the Agreement.  (*Id.* ¶¶ 16-23.)  Relief is sought in the form of "damages in excess of $50,000.00 . . . [t]emporary and permanent injunctive relief . . . [and] attorneys' fees . . . ."  (Compl. at Prayer for Relief ¶¶ 1-3.)  Polz removed the action to this Court on November 14, 2016.  (Notice of Removal.)  On November 23, 2016, Geronimo filed the Motion to Remand currently before the Court.  (Doc. No. 6.)  Polz opposes the motion.  (Doc. No. 11.)

## DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  A party opposing removal may bring a motion to have the case remanded back to state court.  28 U.S.C. § 1447(c).  The case shall be remanded if the court determines that it lacks jurisdiction.  *Id.*  "In addition to the notice of removal and its exhibits, to determine whether there is jurisdiction, the court may consider documents submitted after the notice

of removal as well as those attached to subsequent motions." *Guggenberger v. Starkey Labs., Inc.*, Civ. No. 16-2021, 2016 WL 7479542, at *5 (D. Minn. Dec. 29, 2016). On a motion to remand, the burden is on the party seeking removal. *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Any doubt as to the appropriateness of removal must be decided in favor of remand. *Id.*

Geronimo asserts that this action was improperly removed and asks the Court to remand the case for lack of jurisdiction. (Doc. No. 7.) Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Here, the parties disagree as to whether the amount in controversy exceeds the $75,000 threshold required to establish federal diversity jurisdiction. (*See generally* Doc No. 7; Doc. No. 11.)[2]

In support of remand, Geronimo asserts that Polz failed to establish that the amount in controversy exceeds the minimum jurisdictional requirement. (Doc. No. 7.) Specifically, Geronimo alleges that Polz erroneously included contractual attorney fees when determining the amount in controversy. (*Id.* at 5.) Further, Geronimo argues that even with contractual attorney fees included, the amount in controversy nevertheless falls short of the $75,000 requirement at the time of removal. (*Id.*) In opposition, Polz contends that the amount in controversy may include contractual attorney fees as well as the value of any injunctive relief sought. (Doc. No. 11.) Polz also argues that a

---

[2] Geronimo has its principal place of business in Minnesota, and Polz is domiciled in Illinois. Thus, complete diversity of citizenship exists, and the parties do not dispute this fact.

4

reasonable estimate of attorney fees likely to be incurred during litigation may be credited toward the amount in controversy. (*Id.*)

The contractual attorney fees issue in this action is central, and caselaw supports that such fees are to be included toward the amount in controversy. Over a century ago, the Supreme Court held that contracts "providing for the payment of a reasonable attorney's fee if suit were brought . . . [c]ould . . . be considered in determining . . . the jurisdictional amount[.]" *Springstead v. Crawfordsville State Bank*, 231 U.S. 541, 541-42 (1913) (reasoning that contractual attorney fees are not part of costs or interest as such agreements create "a right to recover and . . . a legal obligation to pay"). Further, "Minnesota follows the general rule that . . . attorneys' fees . . . available pursuant to contract or statute are included in the amount in controversy." *McGuire v. State Farm Fire & Cas. Co.*, 108 F. Supp. 3d 680, 686 (D. Minn. 2015).[3] The value of future legal services may also be considered for purposes of determining jurisdiction, so long as such future attorney fees are reasonable. *Mueller v. RadioShack Corp.*, Civ. No. 11-0653, 2011 WL 6826421, at *1-2 (D. Minn. Dec. 28, 2011). The requirement has been met when the party asserting federal jurisdiction demonstrates that the amount in controversy might exceed $75,000. *Hillesheim v. Casey's Retail Co.*, Civ. No. 16-0061, 2016 WL

---

[3] Geronimo's argument that only statutory attorney fees count toward the amount in controversy relies exclusively on two Eighth Circuit cases: *Rasmussen v. State Farm Mutual Auto Insurance Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005) and *Hartis v. Chicago Title Insurance Co.*, 656 F.3d 778, 781-82 (8th Cir. 2009). The Court, however, finds the reasoning in *Mueller v. RadioShack Corp.*, Civ. No. 11-0653, 2011 WL 6826421, at *1 n.4 (D. Minn. Dec. 28, 2011), to be persuasive in holding that the dicta in these cases does not preclude including contractual attorney fees toward the amount in controversy.

3676164, at *2 (D. Minn. July 6, 2016). "What matters is what is *possible*, not what is *likely*." *Id.*

In the Complaint, Geronimo requests "damages in excess of $50,000," in addition to attorney fees and injunctive relief. (Compl. at Prayer for Relief ¶¶ 1-3.) Prior to initiating this action, in September 2016, Geronimo sent Polz a letter demanding $50,000 in damages and $21,228.41 in contractual attorney fees. (Polz Aff. ¶ 2, Ex. 1.) Thus, as of September 2016, the amount in controversy totaled $71,228.41. (*Id.*) Here, the question is whether Geronimo might incur an additional $3,771.60 throughout litigation. In the September 30, 2016 demand letter, Geronimo's attorneys emphasized that Geronimo "continues to expend *substantial* attorneys' fees in enforcing the Agreement." ((*Id.*) (emphasis added).) Surely it is possible, if not already a reality, that Geronimo's "substantial" future attorney fees will bring the amount in controversy over the jurisdictional threshold. Geronimo appears to argue that the attorney fees are included in the $50,000 request for damages. (Doc. No. 7 at 5.) This assertion, however, is discredited by the fact that Geronimo's September 30, 2016 demand letter listed the two amounts separately. (Polz Aff. ¶ 2, Ex. 1.) Further, this argument plainly contradicts the Complaint which separately seeks "damages in excess of $50,000.00" and "[a]n award of attorneys' fees . . . ." (Compl. at Prayer for Relief ¶¶ 1, 3.)

In accordance with the aforementioned, the Court concludes that the amount in controversy clearly has a possibility of exceeding $75,000 including contractual attorney

6

fees. As such, diversity jurisdiction is properly established, and the Court declines to remand the case.[4]

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1.  Defendant's Motion to Remand (Doc. No. [6]) is **DENIED**.


Dated: February 27, 2017                s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge

---

[4] Consistent with the Court's conclusion that removal was proper, the Court also declines Geronimo's motion to the extent Geronimo seeks an award of fees and costs associated with the Motion to Remand. (*See* Doc. No. 7 at 6.)